UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EARL JOHNSON and SEDRICK BLOOME,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, WALIUR RAHMAN,
and JOHN DOES 1-5,

                        Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 20 2011 ★
BROOKLYN OFFICE

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL OF PLAINTIFF SEDRICK BLOOME'S CLAIMS**

09 CV 3534 (ARR)(JMA)

       **WHEREAS**, plaintiffs commenced this action by filing a complaint on or about August 13, 2009, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

       **WHEREAS,** all of the claims of plaintiff Earl Johnson were previously settled on or about November 10, 2010; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

       **WHEREAS,** certain parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.    All claims brought by plaintiff Sedrick Bloome are hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

       2.    The City of New York hereby agrees to pay plaintiff Sedrick Bloome the sum of SIXTY THOUSAND ($60,000.00) Dollars in full satisfaction of all claims, including

claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Bloome agrees to dismissal of all the claims against the defendants and to release the defendants, the City of New York and Waliur Rahman, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint, including claims for costs, expenses and attorney's fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and Waliur Rahman regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
December ~~October~~ 12, 2011

REIBMAN & WEINER, LLP
*Attorneys for Plaintiff*
26 Court Street, Suite 1005
Brooklyn, NY 11201

By: _____
Michael Lumer, Esq.
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-199
New York, New York 10007
(212) 227-0414

By: _____
Karl J. Ashanti
*Assistant Corporation Counsel*

SO ORDERED: _____
/s/(ARR)

HON. ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
December ~~October~~ 19, 2011

3